McGREGOR W. SCOTT
United States Attorney
EDMUND F. BRENNAN
Chief, Civil Division
Assistant U. S. Attorney
501 "I" Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2766

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>COUNTY OF SACRAMENTO,<br><br>   Defendant. | **Civil No. 2:06-cv-00908 GEB-GGH**<br><br>**CONSENT JUDGMENT** |

   WHEREAS, the UNITED STATES OF AMERICA, on behalf of the Department of the Army, Corps of Engineers (the Corps), has filed a complaint in the above-captioned matter, alleging that the County of Sacramento (COUNTY) violated the Clean Water Act, 33 U.S. C. §§ 1311(a) and 1344, (the Act);

   WHEREAS, the Corps and COUNTY have consented to the making and entry of the Consent Judgment; and,

   WHEREAS, this Consent Judgment is in the public interest;

   NOW, THEREFORE, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

   1.   That this Court has jurisdiction over the subject matter of this action and the parties pursuant to Sections 309 and 404 of the Clean Water Act ("CWA"), 33 U.S.C. §§ 1319 and 1344, and 28 U.S.C. §§ 1331, 1345, and 1355.

1

    2.    That venue is proper in this district pursuant 28 U.S.C. §§ 1391 and 1395. Authority to bring this suit is vested in the Department of Justice by 28 U.S.C. §§ 516 and 519 and 33 U.S.C. 1366, and in the Secretary of the Army by 33 U.S.C. §§ 1319 and 1344.

    3.    That the complaint states a claim upon which relief may be granted against the Defendant.

    4.    That COUNTY shall pay a civil penalty of eighty-seven thousand dollars ($87,000.00) pursuant to 33 U.S.C. §§ 1319 and 1344 to address violations of the Act. The penalty shall be paid in full within 30 days of the date of entry of the Consent Judgment. After 30 days from the date of entry of the Consent Judgment, interest will be charged in accordance with the statutory judgment interest rate, as provided in 28 U.S.C. § 1961, until the date payment is made. Payment shall be made to the United States of America and shall be sent by registered or certified mail to Edmund Brennan, Assistant United States Attorney, 501 "I" Street, Suite 10-100, Sacramento, California 95814.

    5.    That COUNTY shall completely refrain from discharging dredged or fill material into the "waters of the United States," except in compliance with all permits required by law;

    6.    That Defendant shall submit a final plan and proposal for compensatory mitigation and restoration for review and approval by the Corps within 30 days of entry of the Consent Judgment. The plan shall comply with the U.S. Army Corps of Engineers, Sacramento District's Habitat Mitigation and Monitoring Proposal Guidelines dated December 30, 2004. In accordance with discussions between COUNTY and the Corps, including the letter dated December 27, 2004 from Greg Rowe to Justin Cutler, the plan and proposal shall include:

    a)    *Mitigation and Monitoring Plan for the Prichard Lake Restoration Project*, September 25, 2003;

    b)    Addendum to the *Mitigation and Monitoring Plan*, by EDAW, Inc., February 12, 2004;

    c)    *Amendment to the Mitigation Monitoring Plan*, by EDAW, Inc., March 10, 2004;

|   |   |   |
|---|---|---|
| d) | An Operations and Management (O&M) plan for the project, in accordance with the Corps template; |
| e) | Discussion of the status of the required Conservation Easement; and |
| f) | Discussion of the status of the required Endowment. |

The proposed compensatory mitigation compensates for impacts to 9 acres of freshwater marsh within Prichard Lake.

7. That COUNTY shall begin implementing the restoration/ mitigation plan within 240 days of the entry of the Consent Judgment and shall complete all off-site mitigation work within 365 days of entry of the Consent Judgment, to the extent possible under seasonal habitat restrictions and within the confines of other regulatory agencies permitting processes. COUNTY shall notify the Corps at least three days prior to beginning the restoration and mitigation work of COUNTY's intention to initiate work. COUNTY shall notify the Corps that all restoration/ mitigation work has been completed within three days after completing such work.

8. That COUNTY shall allow any authorized representative or contractor of the Corps, upon presentation of his or her drivers license or other state identification and governmental identification, and with the presence of an escort from the Sacramento County Airport System, to enter upon the mitigation/restoration site for the purpose of monitoring compliance with this Consent Judgment. The authority of the United States to enter, conduct inspections, have access to records, or monitor compliance pursuant to any other statute or court order is in no way limited by this Consent Judgment.

9. That all notices, reports and submissions to the Corps required by this Consent Judgment shall be in writing and sent to:

> Lisa H. Clay
> Assistant District Counsel
> U.S. Army Corps of Engineers
> 1325 J Street
> Sacramento, California 95814-2922

10. The Stipulation and Consent Judgment constitute a full and final settlement of all civil claims that are or might have been alleged against COUNTY arising from its discharge of dredged and/or fill material into the freshwater marsh known as Prichard Lake from January

1993 through May 2002, provided that both parties comply with the terms and conditions set forth herein.  The Corps does not agree to waive any rights, obligations, or causes of action for any claims of any violations by COUNTY of other federal laws, regulations, or permit conditions, except those stated herein once COUNTY complies with the underlying Stipulation and Consent Judgment.

11. That in the event COUNTY fails to perform any part of the terms or conditions of the Stipulation or this Consent Judgment, after notice by the Corps of such failure, COUNTY shall pay to the United States a civil penalty of not to exceed twenty-five thousand dollars ($25,000) per day for each violation, unless the Corps waives any or all of this penalty.  This penalty shall be in addition to any other remedies or sanctions, including but not limited to civil penalties, available to the United States.

12. That nothing in the Stipulation or this Consent Judgment shall be construed to affect or relieve COUNTY of its responsibility to comply with the other federal laws that may apply in addition to §§ 404 and 301 of the Clean Water Act or with any state or local law, regulation or permit condition.  That nothing in the Stipulation or this Consent Judgment shall be construed to permit COUNTY to perform any work in navigable waters or waters of the United States, including wetlands, except in accordance with permits from the Corps and any appropriate agency.  Neither the Stipulation nor this Consent Judgment constitutes such a permit.

13. That this Court shall retain jurisdiction to modify and enforce the terms and conditions of the Stipulation and this Consent Judgment and to resolve such disputes arising hereunder as may be necessary or appropriate for the construction or execution of the Stipulation and Consent Judgment.

14. That if the United States is the prevailing party in any action pursued to enforce the provisions of this Consent Judgment and associated Stipulation, COUNTY shall be responsible for any and all expenses of any nature whatsoever incurred by the United States in collecting any outstanding penalties due under this Consent Judgment and associated Stipulation, and in enforcing the requirements of this Consent Judgment and associated Stipulation, including

but not limited to attorney's fees.  The United States reserves all legal and equitable remedies available to enforce the provisions of the Consent Judgment and associated Stipulation.

15. That each party to this action shall bear its own costs.

16. That the provisions of the Stipulation and Consent Judgment shall be binding upon the parties, their officers, agents, employees, and any person, firm, corporation or government entity acting in concert or participation with the parties.

17. That the Stipulation and this Consent Judgment contain a complete description of the agreement between the parties.  All material representations, understandings and promises of the parties are contained in the Stipulation and this Consent Judgment.  Any modifications mush be set forth in writing, signed by all parties and approved by this Court.

18. The parties acknowledge that after the lodging and before the entry of this Consent Judgment, final approval by the United States is subject to the requirements of 28 C.F.R. § 50.7, which provides for public notice and comment.  The United States reserves the right to withhold or withdraw its consent to the entry of this Consent Decree if the comments received disclose facts which lead the United States to conclude that the proposed judgment is inappropriate, improper, or inadequate.  The Defendants agree not to withdraw from, oppose entry of, or to challenge any provision of this Consent Decree, unless the United States has notified the Defendants in writing that it no longer supports entry of the Consent Decree.

19. Upon approval by this Court, this Consent Judgment shall have the effect of a final judgment.

Dated:  August 4, 2006

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge